The opinion of the Court was delivered by
Johnson, J.
The question is, whether the legacy of one thousand dollars to Elizabeth Hughes, is a general pecuniary legacy of so much money, or whether it is specific of the negroes directed to be divided.between herself, Isabella Turner and William Bell, in payment of their legacies. This question, like all others arising upon the construction of a will, must be *400 resolved by the intention of the testator, to be collected from the will itself; and if we take that as our guide, there will be but little difficulty in arriving at a correct conclusion, without the aid of technical rules. In the direct bequest, the legacy is confessedly general and pecuniary, and it must strike the mind at once as very extraordinary, that the testator should intend to substitute a specific thing (the negroes) in its place, when a direct bequest of the negroes would have superseded it altogether. But when in the clause, directing the division of the negroes amongst them, he directs that they shall be divided according to valuation, to answer the amount above bequeathed to these legatees, can there be any rational doubt that he intended to set apart these negroes as a fund for the payment of these legacies, and not to give the negroes directly ? I doubt whether our language furnishes terms which would more clearly express the idea. . But Courts, in cases of doubt, incline against construing legacies as specific. In Potter vs. Kerby, 4 Ves., 572, it is said to be a rule of construction, that no legacy is to be held specific unless it is demonstrable that it was so intended; and if I have not already demonstrated that this legacy is general and not specific it is at least self-evident that the converse is not demonstrated. The very learned, full, and well digested written argument furnished by the counsel in support of the motion, has opened a very wide field on the subject; but I cannot persuade myself that it is necessary to follow him in all its ramifications; for it does not appear to me that the case admits of any doubt. Motion granted.
Harper, and O’Nball, JJ., concurred.
Motion granted.